# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**SHIRLEY GARNETT, on behalf
of herself and all other similarly situated,**

        Plaintiffs,

        -vs-                            Case No. 15-MC-64

**RUNZHEIMER INTERNATIONAL Ltd.,**

        Defendant.

## DECISION AND ORDER

This is an action to enforce a third-party subpoena against a Wisconsin corporation, Runzheimer International, Ltd., in relation to a putative class action currently pending in California. *Garnett v. ADT, LLC*, No. 2:14-cv-2851 WBS AC (TEMP) (E.D. Cal.). Shirley Garnett, the plaintiff in that case and the movant here, alleges that ADT under-reimbursed her and others pursuant to a vehicle reimbursement plan for work-related vehicle expenses. Runzheimer opposes Garnett's motion and moves to quash the subpoena to the extent that it seeks disclosure of Runzheimer's trade secrets.

This Court dealt with the same issue just over four years ago. *Luiken v. Runzheimer Int'l, Ltd.*, No. 11-MC-34, 2011 WL 3423335 (E.D.

Wis. Aug. 3, 2011). In *Luiken*, the Court held that it is "undisputed, and the Court is satisfied, that Runzheimer's methodology for conducting vehicle mileage studies and reports is a confidential trade secret." *Id.* at *1 (citing Wis. Stat. § 134.90). In order to compel the disclosure of trade secrets pursuant to a subpoena, the serving party must show "a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Fed. R. Civ. P. 45(d)(3)(C)(i). "Stated another way, the serving party must demonstrate that the disclosure of trade secrets is both relevant *and* necessary to the underlying litigation." 2011 WL 3423335, at *1 (emphasis in original).

Garnett concedes that she is seeking trade secrets – specifically, the formulae used by Runzheimer to determine the maintenance schedule, the gas costs, the tire costs, and all of the other components of the plan from which Runzheimer then sets forth the rate of reimbursement for the putative class members. Garnett insists that she has a substantial need for this information from Runzheimer because it is not obtainable from any other source. However, this is methodological information, not factual information. Garnett knows how much she was reimbursed versus her own actual expenses. Using that data, Garnett can hire her own experts to establish that she was under-reimbursed.

Garnett also argues that Runzheimer's needs can be safeguarded through the use of a protective order. This line of argument cannot be used to circumvent the requirement to prove substantial need. *Luiken* at *1 (rejecting argument and citation to cases about use of protective order because "none of these cases involved the disclosure of trade secrets, so the 'substantial need' provisions of Rule 45[] were never implicated").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. ADT's motions to intervene and to join [ECF Nos. 9, 10] are **GRANTED**;

2. Runzheimer's motion to quash [ECF No. 3] is **GRANTED**; and

3. Garnett's motion to compel [ECF No. 1] is **DENIED**.

Dated at Milwaukee, Wisconsin, this __5th__ day of February, 2016.

                              **SO ORDERED:**

                              **HON. RUDOLPH T. RANDA**
                              **U.S. District Judge**